**McCARTHY, Plaintiff-Appellant, v. CINCINNATI STREET RAILWAY COMPANY, Defendant-Appellee.**

Ohio Appeals, First District, Hamilton County.

No. 7265. Decided July 18, 1950.

Kunkel & Kunkel, Raymond Kunkel, Cincinnati, for plaintiff.

Leo J. Brumleve, Cincinnati, for defendant.

(DOYLE, PJ, of Ninth District: McNAMEE, J, HURD, J, of Eighth District sitting by designation in First District.)

## OPINION

By HURD, J:

This is an appeal on questions of law from a judgment of the common pleas court of Hamilton County, wherein a verdict and judgment was rendered in favor of the defendant, in an action for personal injuries alleged to have been sustained by plaintiff while alighting from a street car on which she was a passenger.

In her petition, plaintiff alleges, in substance, that on the 26th day of April, 1948, at about 6:15 P. M., she was a passenger in an out-bound Kennedy Heights street car; that said car had come to rest at the corner of Washington Avenue and Montgomery Road for the purpose of loading and unloading passengers; that the door of said car, which was under the exclusive management, control and operation of defendant, was open for the purpose of permitting this plaintiff to leave said car; that plaintiff was in the act of alighting from said street car and was in the process of stepping from the step of said car to the street, when the motorman of the car started said car with a sudden, unexpected jerk and caused the door thereto to be closed prior to the time when plaintiff had fully alighted from said street car, throwing her with great force and violence into the street; that as a proximate cause of the negligence and carelessness of defendant in maintaining and operating said street car and the door thereto, and the causing of said car to jerk suddenly and said door to close before plaintiff left said car, she sustained serious injuries which are described at length in her petition.

The answer of defendant admits that plaintiff was a passenger at the time and place alleged in the petition but denies all liability in respect to her injuries.

The assignments of error are as follows:

1. The court erred in a special charge submitted to the jury at request of defendant;

2. The court erred in the general charge to the jury;

3. The verdict is against the manifest weight of the evidence.

We are principally concerned with the first assignment of error, wherein the court at the request of counsel for defendant, charged the jury in writing before argument, as follows:

"The Court charges you that, before you can return a verdict for the plaintiff, you must find that the plaintiff has proved facts by affirmative evidence tending to show that the conduct of the Cincinnati Street Railway Company fell below the standard represented by the conduct of reasonable men engaged in the operation of street cars, under the same or similar circumstances and that such conduct directly caused injury to the plaintiff. If the plaintiff fails to establish such proof by a preponderance of the evidence, that is, by the greater weight of the evidence, then the plaintiff cannot recover and your verdict must be for the defendant, The Cincinnati Street Railway Company."

We have carefully considered the arguments of counsel in respect of this charge, and upon due consideration have reached the conclusion that the special charge as given before argument, though skillfully worded, is misleading and prejudicially erroneous as applied to the issues raised by the pleadings and the evidence in this case.

The vice in the charge as given is that it ignores completely the rule of law so well established in Ohio that where the plaintiff is a passenger and defendant a common carrier of passengers for hire, the defendant owes to the passenger the duty of exercising the highest degree of care consistent with the practical operation of the railroad.

See: **Pendleton St. Ry. Co. v. Shires, 18 Oh St 255; Cleveland Ry. Co. v. Arrison, 26 Oh Ap 359; Cincinnati St. Ry Co. v. Henkel, 38 Oh Ap 243** (Motion to certify overruled); **Olszowy v. Cleveland Ry Co. 47 Oh Ap 529.**

See also: 38 O. Jur., Street Railways, **Duty of Care Owed to Passengers, Sec. 698,** commencing at page 157, which in part reads as follows:

"The general rule applicable in the case of passengers is that a street or interurban railroad company owes the duty toward them to exercise **the highest degree of care,** which an

ordinarily careful and prudent company of this type would use under similar circumstances * * *." (Emphasis ours.)

Citing numerous authorities, including the cases hereinabove cited, and in addition the following:

**Cleveland City R. R. Co. v. Osborn,** 66 Oh St 45, 63 N. E. 604; **Brooklyn St. Ry. Co. v. Kelley,** 6 O. C. C. 155, 3 O. C. D. 393 affirmed without opinion in 53 **Oh St** 646, 44 N. E. 114, 33 Bull 330; Ohio Traction Co. v. Miller, 13 O. C. C. (n. s.) 67, 32 O. C. C. 348; **Holmes v. Ashtabula Transit Co.** 10 O. C. D. 638, reversed on other grounds in 67 **Oh St** 153, 65 N. E. 877; **Altemeier v. Cinn. St. Ry Co.** 4 O. N. P. 224; 5 O. D. (N. P.) 655 affirmed by Cir. Ct. without opinion, which judgment is affirmed in 60 **Oh St** 10, 53 N. E. 300.

See also: **6 O. Jur. (Carriers) Sec. 311 p. 945** as follows:

"In General: It is the duty of a common carrier of passengers under most circumstances, to exercise **the highest degree of care for their safety,** which an ordinarily careful and prudent person would use under similar circumstances." And numerous authorities therein cited. (Emphasis ours.)

That the foregoing rule of law is not peculiar to Ohio is indicated by the following quotation from **10 Amer. Juris.** "Carriers" Sec. 1245 p. 163 as follows:

"The degree of care required of a common carrier is not capable of a precise formulation, applicable to all situations that may arise. In general, however, carriers of passengers are required to exercise the **highest degree of care,** vigilance and precaution for the safety of those it undertakes to transport, and are liable for the slightest negligence. It is clear that the rule does not require such a degree of vigilance as will be wholly inconsistent with the carrier's methods of transportation, or impracticable to such an extent as to interfere with its regular business. Nor does it require the utmost degree of care which the human mind is capable of imagining or which men are capable of exercising. The practical effect of the application of the rule theretofore discussed is merely to require that the carrier exercise **the highest degree of practicable care** and diligence that is consistent with the mode of transportation and the normal prosecution of its business." Citing a multitude of authorities from jurisdictions throughout the entire United States. (Emphasis ours.)

It is a peculiar coincidence that the question here pre-

sented was raised by the identical defendant in this case, in a somewhat different form in the earlier case of Cincinnati St. Ry. Co. v. Henkel, supra decided Dec. 8, 1930, by the Court of Appeals of Hamilton County where in an able opinion by Ross J., it was held that it was not error on the part of the trial court to refuse a charge requested by the defendant before argument in form as follows:

"The court charges you that the conductor and motorman of the street car were bound to exercise that degree of care which ordinarily prudent persons would exercise as a motorman and conductor under circumstances similar to that present at the time plaintiff sustained his injuries."

The special charge requested and refused in that case, while in different form and phraseology, is practically the same in content and import as the special charge allowed by the trial court in the instant case.

The Hamilton County Court of Appeals by its judgment in that case disapproved this charge and the Supreme Court overruled the motion to certify. We see no difference in principle between the special charges as requested in these two cases originating in the same judicial district. The defendant appellee in argument and brief, in its attempt to sustain this particular charge, cites and quotes from the cases of **Engelhardt v. Phillips, 136 Oh St 73**, and **Boles v. Montgomery-Ward Co. 153 Oh St 381** (Ohio Bar, Apr. 24, 1950). We have examined these cases carefully and have concluded that they must be distinguished from the instant case on the facts.

Engelhardt v. Phillips, supra, was an action on behalf of a minor, by his next friend, to recover damages for personal injuries sustained through using a diving tower at a swimming pool operated by defendant, the claim being made that the tower was negligently operated.

Boles v. Montgomery-Ward Co. supra, was an action by the plaintiff for injuries sustained when .she slipped and fell after she had proceeded into the store of defendant a few feet. She claimed that her injuries were attributable to the negligence of defendant in permitting the floor of the store to be and remain in a slippery condition due to a combination of water and slush tracked into the store by other patrons and an oily dressing with which the floor had been previously treated by the defendant.

A mere statement of the facts in each case clearly shows the dissimilarity to the facts in the instant case, where plaintiff was a passenger for hire upon a common carrier.

Undoubtedly the requested charge before argument would be applicable in an action against a common carrier by a member of the general public not a passenger claiming damages due to the negligence of defendant. In cases of that character the standard is ordinary care, but in passenger cases of the character of the instant case, the standard fixed is the highest degree of care consistent with the practical operation of the railroad. Any departure from this norm or standard of care required of a common carrier of passengers by the use of words susceptible of misconstruction and misunderstanding, would by a process of disintegrating erosion gradually weaken and ultimately dissipate a sound rule of law heretofore firmly established as part of our system of jurisprudence.

Concluding our consideration of this first assignment of error we are of the opinion that it is well taken and should be sustained and that the charge as given by the trial court in writing before argument, is prejudicial to the rights of plaintiff and that on this ground the judgment of the common pleas court should be reversed.

We do not consider it necessary to dwell at any great length upon the second assignment of error, namely, that the court erred in its general charge to the jury. In the main we consider that the charge as given is correct, although at several points it appears to be unduly repetitious in respect of the burden of proof placed upon the plaintiff.

The plaintiff complains also that the trial court placed an undue burden upon her in the charge when the court combined two propositions, namely, that the car suddenly jerked and started, and secondly, that the door closed before plaintiff had fully alighted from the car.

We are of the opinion that the plaintiff is not in a position to complain of the combining of these two propositions inasmuch as the same were combined in the petition and not pleaded as separate specifications of negligence.

In considering the general charge as a whole, we cannot find that it is prejudically erroneous to the rights of plaintiff. However, we are of the opinion that upon well recognized principles of law the general charge will not operate to correct the error in the charge in writing given before argument.

We think in view of our conclusions here it is unnecessary to discuss the third assignment of error.

For the reasons stated the judgment of the common pleas court will be reversed and the cause remanded for further proceedings according to law. Exceptions noted.

DOYLE, J, McNAMEE, J, concur.